CHARLES BURLEY and GEORGE BURLEY, Appellants, v. ORSELL H. HARTSON and Others, Respondents.

*General assignment — it need not expressly provide for the preference of claims for wages and salaries, given by section 25 of chapter 466 of 1877, as amended by chapter 328 of 1884.*

In an action brought by a judgment creditor to set aside a general assignment for the benefit of creditors, upon the ground that it was rendered void by reason of its omission to expressly prefer the claims of the employees of the assignors for wages and salaries due to them as required by section 25 of chapter 466 of 1877, as amended by chapter 328 of 1884:

*Held,* that in all assignments made and executed in pursuance of the provisions of the said act, the property transferred is impressed with a trust in favor of the employees of the assignors the instant the assignment is executed and accepted, and it is the duty of the assignee to pay the claims for wages and salaries in preference to those of the other creditors.

That an assignment by a debtor for the benefit of his creditors, if in no other respects invalid, is not void for the reason that the assignor neglects to provide for such priority of payment in the assignment itself.

APPEAL from a judgment, entered upon the decision of the Chautauqua Special Term dismissing the plaintiffs' complaint, with costs.

The action was a judgment creditor's suit, for the purpose of setting aside an assignment made by Orsell H. Hartson and Chancellor L. Hartson, on the 11th day of June, 1884, to one William Hartson, in trust, for the benefit of the creditors of the assignors. The property assigned was insufficient to pay all the debts of the assignors who were manufacturers of lumber, and owed their employees for wages and salaries. At the time the assignment was delivered the act of 1884, amending the general assignment law, was in full force and effect. No provision was made preferring the payment of the debts due the employees, before the payment of the other creditors. Payment in full of the preferred creditors would consume all the assets, and the employees would receive nothing upon their claims by the terms of the assignment. Some of the judgments owned by the plaintiffs, upon which the action was based, were rendered for demands against the assignors for the wages and salaries of their employees. No actual fraud on the part of the assignors was found by the court, but the

plaintiffs claim that the assignment is void because the assignors neglected to prefer the claims due their employees in the assignment itself. The trial court found, as a conclusion of law, that the wages of employees, unpaid at the time of the execution of the assignment, were preferred by the provisions of chapter 328 of the Laws of 1884; that it was not necessary that priority of payment should be expressed in the assignment, and that the omission to do so did not render the assignment void, and directed a dismissal of the complaint.

*Henderson & Wentworth,* for the appellants.

*Cook, Fisher & Wade,* for the respondents.

BARKER, J.:

In 1884 the act in relation to assignments of the estates of debtors for the benefit of creditors (Laws of 1877, chap. 466) was amended as follows:

"SEC. 29. In all assignments, made in pursuance of this act, the wages or salaries actually owing to the employees of the assignor or assignors, at the time of the execution of the assignment, shall be preferred before any other debt; and should the assets of the assignor or assignors not be sufficient to pay in full all the claims preferred pursuant to this section, they shall be applied to the payment of the same *pro rata* to the amount of each such claim."

In the assignment no provision is made requiring the assignee to pay the wages and salaries due to the assignor's employees and servants in preference to the debts due their other creditors. The appellants contend that, by reason of the omission to insert such a provision, the assignment is void and should have been so adjudged by the trial court. The question is an important one and its determination involves an inquiry as to the legislative intent in making the amendment. The original act provides and gives directions as to the form in which assignments by debtors, for the benefit of their creditors, shall be prepared and executed, and the time when and also the manner in which the assignee shall manifest his acceptance of the trust, prescribing many of his duties, and if they are not observed and performed as directed, declaring the assignment void for that reason. The act further provides that

the assignment shall be made a matter of record in the counties where the assigned property is located, and with some detail prescribes the course of procedure to be observed by the assignee in administering the trust, with a view of preserving and preventing a waste or a diversion of the trust funds. It is followed by the declaration that all proceedings under the act shall be deemed to be in the County Court, as a court possessing general jurisdiction over the subject-matter. (Sec. 25.)

The course of procedure marked out in the act is in the nature of proceedings *in rem.*, pending in a court of record, from the moment the assignment is executed, delivered and accepted. The act is limited in its application to general assignments made by debtors for the benefit of all their creditors. It seems clear that the object of the amendment was to secure to employees of the assignor a preference in the payment of their claims over his other creditors. In every case where the debtor's estate is transferred in the manner and for the purposes mentioned in the act, and is administered by the court independently of the terms of the assignment, giving directions as to the order of payment to creditors out of the funds derived from a sale of the assigned property, the property transferred is, as soon as the assignee acquires a title thereto, impressed with a trust in favor of the employees of the assignor. The assignee is required to observe the terms of the statute as well as those of the assignment, for the purpose of ascertaining his duties and the order in which he shall pay out the funds derived by and under the assignment. The legislature possesses the unquestioned power to provide the order in which the debts of creditors shall be paid out of the estate of insolvent or deceased persons. The amendatory act does not give a lien on the debtor's assigned estate in favor of the employees, but its provisions are directory, requiring the trustee, out of the funds, to make payment to them before the other creditors may share in the funds. If the appellant's construction is the correct one then the act, by force of its own provisions, gives no priority to this class of creditors, and confers no favor whatever upon the employees of the assignor.

A degree of protection and advantage was intended to be secured to a class of creditors who have not the same experience in using the opportunities to protect themselves, as other creditors have in

securing preferences in payment from insolvent debtors. If the appellants' argument should be adopted it would practically defeat the manifest intention of the law. The provisions of the act requiring priority in payment are not directed to the assignor, requiring him to observe the same in making an assignment, but they are intended as a direction to the trustee requiring him to pay this class of creditors out of the funds in his hands without regard to the terms of the assignment, giving him directions as to the use which he should make of the trust funds.

The law is similar to the several acts of congress, securing priority of payment to the United States over other creditors in particular instances. The provisions of those acts are brought forward and codified in section 3466 of the Revised Statutes of the United States, and they are as follows: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of absconding, concealed or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." The federal courts, in giving construction to these laws, have held that whenever the debtor has been divested of his estate in either of the ways mentioned in the statute, the person who becomes invested with the title is thereby made a trustee for the United States, and is bound to pay its debts in the first instance out of the proceeds of the debtor's property. (*Conard* v. *Atlantic Ins. Co.*, 1 Pet., 386; *Beaston* v. *Farmers' Bank*, 12 id., 102.)

In giving construction to the act we hold: First. That in all assignments made and executed in pursuance of the provisions of the said act, the property transferred is impressed with a trust in favor of the employees of the assignor the instant the assignment is executed and accepted, and it is the duty of the assignee to pay the claims for wages and salaries in preference to the other creditors. Second. That an assignment by a debtor for the benefit of his creditors, if in other respects valid, is not void for the reason that the

assignor neglects to provide for such priority of payment in the assignment itself.

Judgment should be affirmed, with costs.

Present — SMITH, P. J., and BRADLEY, J.; HAIGHT, J., not sitting.

Judgment affirmed, with costs.